IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>RAFAEL PINA-NIEVES,<br><br>**Defendant**. | **Criminal No.** 20-258 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

The First Circuit Court of Appeals requested that this Court determine whether defendant Rafael Pina-Nieves ("Pina") "is likely to flee or pose a danger to the safety of any other person or the community" pursuant to 18 U.S.C. section 3143(b)(1)(A).  United States v. Pina-Nieves, Case No. 22-1421 (June 16, 2022) (Order). For the reasons set forth below, the Court is not persuaded by clear and convincing evidence that Pina is either a danger nor a flight risk.

**I.   Background**

On August 13, 2020, a grand jury returned an indictment charging Pina with possession of a firearm by a convicted felon (count one), and possession of a machinegun (count two), in violation of 18 U.S.C. §§ 922(g)(1) and 922(o), respectively.

(Docket No. 1.)[1]  After seven days of trial, the jury found Pina guilty on both counts of the indictment.  (Docket No. 246.)  The Court imposed a sentence of forty-one (41) months of imprisonment.  (Docket No. 331.)

The Court subsequently denied Pina's motion for bail pending appeal.  United States v. Pina-Nieves, Case No. 20-258 (FAB) (D.P.R. May 24, 2022) (Opinion and Order).  On May 24, 2022, he filed a notice of appeal.  (Docket No. 335.)  Pina then moved for bail pending appeal before the First Circuit Court of Appeals.  Pina-Nieves, Case No. 22-1421 (May 31, 2022).  The United States opposed this motion.  Id. (June 6, 2022).  The First Circuit Court of Appeals then issued an order on June 16, 2022, stating that:

> The district court previously denied bail on the ground that the appeal does not raise a 'substantial question' within the meaning of 18 U.S.C. § 3143(b)(1)(B); however, the district court did not address whether 'by clear and convincing evidence defendant is not likely to flee or pose a danger to the safety of any other person or the community' under 18 U.S.C. § 3143(b)(1)(A).  This court's consideration of the bail request would be aided by further development of those issues.  Accordingly, the matter of bail is remanded to the district court so that the district court may enter a supplemental bail ruling addressing the matters of risk of flight and dangerousness after conducting those further proceedings the court deems necessary.

---

[1] Pina pled guilty to one count of bank fraud on May 13, 2015.  (Case No. 12-215, Docket No. 416.)  In that case, the Court sentenced Pina to the time he had already served, four days, and two years of supervised release.  Id., Docket No. 496.  His term of supervised release terminated 14 months after the imposition of sentence.  (Case No. 12-215, Docket No. 535)

Criminal No. 20-258 (FAB)                                                3

Id. (Order).  The United States and Pina filed simultaneous briefs on June 24, 2022.  (Docket Nos. 341 and 342.)

## II.  Section 3143 of the Bail Reform Act

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal."  Fed. R. Crim. P. 46(c).  Congress enacted this provision to "reverse the presumption in favor of bail that had been established under the prior statute."  United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985).  Pursuant to section 3143, "it is presumed that an individual convicted of an offense and sentenced to a term of imprisonment . . . will be detained pending appeal."  United States v. Vázquez-Botet, Case No. 04-160, 2007 U.S. Dist. LEXIS 7084, at *4 (D.P.R. Jan. 30, 2007) (Fusté, J.) (citing United States v. Colón-Muñoz, 292 F.3d 18, 20 (1st Cir. 2002)).  To prevail, Pina must establish by clear and convincing evidence that:  (1) he is "not likely to flee or pose a danger to the safety of any other person or the community if released," (2) that his "appeal is not for the purpose of delay," **and** (3) that the appeal "raises a substantial question of law or fact"  18 U.S.C. § 3143(b)(1); see United States v. Colón-Berríos, 791 F.2d 211, 214 n.4 (1st Cir. 1986) ("In enacting § 3143, Congress placed the burden as to *all* elements bearing on whether to grant bail pending appeal on defendants.").

Criminal No. 20-258 (FAB)                                                   4

**III. Discussion**

Because Pina failed to raise a substantial question of law, the Court denied his motion for bail pending appeal. Pina-Nieves, Case No. 20-258 (D.P.R. May 24, 2022) (Opinion and Order). But Section 3143 enumerates two additional requirements for bail pending appeal. These requirements are set forth in the conjunctive. A person convicted of a criminal offense shall be detained unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; **and**
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in [*inter alia* a reversal or new trial].

18 U.S.C. § 3143(b)(1)(A)-(B) (emphasis added).

Failure to satisfy the second requirement negates the need to address the first. Judicial restraint compels this Court to resolve only those issues that are dispositive to a dispute. See United States v. Ortiz-Carrasco, 863 F.3d 1, 4 (1st Cir. 2017) ("[J]udges – unlike academicians – are not at liberty to scratch every intellectual itch."); Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs, LTD., 616 F.3d 1086, 1094 (10th Cir. 2010) ("Judicial restraint, after all, usually means answering only the questions we must, not those we can.") (citing PDK Labs., Inc. v. DEA, 362

F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) ("If it is not necessary to decide more, it is necessary not to decide more.")); see e.g., Magee v. Harshbarger, 16 F.3d 469, 472 (1st Cir. 1994) ("Because the cause and prejudice requirement is conjunctive, we need not consider the latter element where the former has not been satisfied."). Accordingly, the Court refrained from determining whether Pina posed a danger to the safety of others or is likely to flee. This analysis is superfluous. Indeed, courts in this jurisdiction frequently adjudicate motions for bail pending appeal without addressing the first requirement of section 3143(b). See United States v. McDonough, 2011 U.S. App. LEXIS 26656, at *2 (1st Cir. Nov. 14, 2011) (denying a motion for bail pending appeal solely because the appellant failed to satisfy the second requirement of section 3143); United States v. Stone, Case No. 10-167, 2012 U.S. Dist. LEXIS 63158, at *9 n.2 (D. Me. May 4, 2012) (denying a motion for bail pending appeal, noting that "the Government does not contend that Mr. Stone is likely to flee or that he poses a danger to the safety of others . . . and this Court therefore addresses only whether the appeal poses a substantial question of law or fact under § 3142(b)(1)(B)"); United States v. Martínez, 473 F. Supp. 3d 26, 30 (D.P.R. 2020) (denying the defendant's motion for bail pending appeal without determining whether the defendant was

likely to flee or pose a danger to the safety of others) (Delgado-Hernández, J.); United States v. Ducoudray-Acevedo, Case No. 15-166, 2017 U.S. Dist. LEXIS 53449 (D.P.R. Apr. 5, 2017) (Delgado-Colón, J.) (same); United States v. O'Neal, Case No. 18-020, 2020 U.S. Dist. LEXIS 75291 (D. Mass. Apr. 29, 2020) (same); United States v. Rivera-Rivera, Case No. 09-165, 2020 U.S. Dist. LEXIS 42439 (D.P.R. Mar. 10, 2020)(Arias-Marxuach, J.)(same). To avoid a misapprehension of the Court's disposition, however, the following analysis is intended to aid the First Circuit Court of Appeals.

### A. Flight Risk

Pina remained on bond before and during trial. He complied with the conditions of pretrial release. The United States argues, however, that Pina "owns a boat" and possesses significant financial resources. (Docket No. 342 at p. 3.) He has significant foreign ties to the Dominican Republic. In fact, Pina moved to suspend the prohibition against international travel for 41 days. (Docket No. 76.) The conditions of release prohibited him from, among other things, "[venturing] further than three miles off the coast of Puerto Rico" or Miami, place a tracking device on each boat or watercraft, and required him to "inform the USPO before [using] any of his boats or watercraft." (Docket No. 27.) The Court therefore denied Pina's request to

travel beyond the territorial waters of the United States, rejecting his proposition that a privately operated GPS device is a reliable method of supervision. (Docket Nos. 8, 27 and 87.) He and his fiancée intended to celebrate the birth of their child in "Santiago de los Caballeros, Dominican Republic" in honor of Pina's late father. Id. Pina's father died on May 28. Id. Pina argued that the child's due date coincided with the "twenty-first commemoration of his father's passing." Id. The Court denied this request. (Docket No. 87.) The child was born in Miami, where Pina was being supervised, not on the date of his father's death. Babies are born when babies are born, not when the parents want them to be born. "A child's birth hardly occurs on the date the obstetrician-gynecologist has calculated," and Pina gave no explanation as to why his fiancée would not wish to remain under the care of her current OB/GYN and change doctors a month before she is expected to give birth. Id.

As the Court held in the Opinion and Order denying bail on appeal, because Pina has "no appellate leg to stand on," absconding from this jurisdiction is a "tempting" proposition. Id. (quoting United States v. Castiello, 878 F.2d 554, 555 (1st Cir. 1989). Irrespective of the merits of any appellate challenge to the conviction, the Court is not persuaded by clear and convincing evidence that Pina is unlikely to flee. Foreign ties

and the resources to avoid imprisonment suggest that Pina is a flight risk. That he complied with his conditions of pretrial release is insufficient to overcome the presumption of detention established by section 3143. See United States v. Norris, No. 15-68, 2016 U.S. Dist. LEXIS 127937, at *7 (E.D. La. Sep. 20, 2016) ("Section 3143 establishes a presumption against the granting of bail after a conviction and the fact of pretrial bond alone does not automatically overcome that presumption.").

Pina contends that "past conduct with respect to his obligations to the judicial system are potent evidence that he will continue to appeal as required." (Docket No. 341 at p. 4) (citing cases). Appearing for Court as a presumably innocent person is far different from serving a term of imprisonment as a convicted felon. The conditions of pretrial release are not suggestions. Granting bail pending appeal based simply on compliance of pretrial conditions release is certainly not "potent evidence," and would render the **presumption** of detention after sentencing and pending appeal meaningless.

**B.  Danger to the Safety of Others**

After Pina pled guilty to bank fraud in 2015, the Court prohibited him from "[possessing] a firearm, ammunition, destructive device, or any other dangerous weapon." United States v. Pina-Nieves, Case No. 12-216 (DRD), Docket No. 496 at p. 3.

Criminal No. 20-258 (FAB)                                                9

Pina violated this order by possessing: a Smith & Wesson, Model SD40, .40 caliber, serial number FYK5571; a Glock pistol, Model 19, 9mm caliber, bearing serial number ZUT084, altered to shoot automatically as a machinegun; and a total of five hundred twenty-six (526) rounds of live ammunition of different calibers, including 148 rounds of .40 caliber handgun ammunition, 123 rounds of .357 caliber handgun ammunition, 3 rounds of .45 caliber handgun ammunition, 170 rounds of .25 caliber handgun ammunition, 25 rounds of 9 mm caliber handgun ammunition, a 12-gauge shotgun shell, three rounds of 5.7 caliber handgun ammunition, created for the military, 35 rounds of 7.62 caliber AK 47 rifle ammunition which can also be used in light machineguns and, with a proper magazine, in AR15 assault rifles, and 18 rounds of 7.92 caliber rifle ammunition, known as the German Mauser bullet first used in the German military, and which can now be used in other, modern German military rifles.

Pina's feigned ignorance of the firearms and ammunition located inside his residence is unconvincing. According to Pina, he "had not lived in the house where the weapons and ammunition were found for many years, and there was no evidence as to when he was last physically there." (Docket No. 341 at p. 9.) His own words belie this argument. They jury heard the following exert from Call 121:

| | | |
|---|---|---|
| Pina: | | And what do we do with **the safe**, motherfucker? |
| Romero: | | Bro, right.  You have that there built-in.  A whole ordeal, right?  No, man, leave it open. |
| Pina: | | Man, yes. |
| Romero: | | You know, and take out whatever you have . . . and, if you have anything . . . and leave it open behind there so that [unintelligible] there and uses it.  You know, tell Miguel to reset it.  You know, that, look . . . |
| Pina: | | Nah, nah, bro, I have money and **I have all sorts of things in there:  my guns, rifles, bullets**. |

See Docket No. 98 at p. 4; Docket No. 114, Ex. 2 at pp. 11-13 (emphasis added).  Call 121 is powerful evidence that there are no substantial questions of law for remand.  Pina knew what was in the "built in" safe, which is evidence of being in constructive possession of the pistols that were seized.  Judging from the calibers of the rifle ammunition seized, including 7.62 caliber for AK-47 rifles, light machine guns, and AR-15 rifles, and 7.92 caliber for German military rifles, the weapons possessed by Pina were, indeed, powerful.  Additionally, a representative from the Gesco Alarm Company testified that Pina purchased a security system for the Caguas Real home.  (Docket No. 263 at p. 71.)  The security system allowed Pina to restrict access to the property.  Id.  The safe contained a blank check from Pina's personal bank account.  Id. at p. 36.)  On the day of the search warrant, Pina made eight

phone calls to inquire about his residence. (Docket No. 267 at p. 40.) In fact, he asked an acquaintance to visit his home "because the safe alarm went off." Id. at p. 41. This evidence establishes that Pina controlled this Caguas Real home. Pina's resignation "to the fact that he would have to spend time in prison" demonstrated a consciousness of guilt stemming from possession of the firearms and ammunition, not as Pina would like the Court to believe, that it is evidence that would not flee.

Law enforcement officers executed the search warrant on April 1, 2020. They did not, however, recover the rifles. These weapons must have been removed before execution of the search warrant. Id. at p. 4. A reasonable inference, based on the evidence adduced at trial, is that Pina has or may have had possession of the unaccounted-for rifles.[2] This evidence militates against bail pending appeal. See United States v. Vick, Case No. 16-10126, 2017 U.S. Dist. LEXIS 27949, at *7 (D. Mass. Feb 28, 2017) ("[Five] of the firearms at issue in this case remain unaccounted for. Vick's personal history, the nature and circumstances of the charged offense, which involves transportation of many firearms, and the weight of the evidence establishes, by clear and convincing evidence, that releasing Vick

---

[2] Indeed, other than the calibers of the ammunition of the pistols that were seized, 9 mm and .40, among the 526 rounds of ammunition that were seized, was ammunition of calibers of other weapons, which also remain unaccounted for.

from detention would jeopardize the safety of the public, and that there is no condition or combination of conditions that would reasonably assure the safety of the community."); United States v. Brown, Case No. 22-033, 2022 U.S. Dist. LEXIS 79937, at *23 (W.D. Ky. May 3, 2022) (denying the defendant's request for pretrial release in part because a firearm "remain[ed] unaccounted for, which could [have provided him] with access to a weapon despite the lack of any firearms in the house where he has been staying, making his release more dangerous under § 3142(b)(4)"); United States v. Gaston, Case No. 21-036, 2021 U.S. Dist. LEXIS 58846, at *28 (N.D. Ind. Mar. 26, 2021) (denying the defendant's request for pretrial release, noting that "[perhaps] the unaccounted-for firearms are stored safely at some location, or already passed on to another individual.  However, without some assurance that no firearm is easily available and subject to further transfer, the Court lacks a reasonable assurance of community safety").

On December 8, 2019, unknown individuals fired at Pina's office in Caguas.  (Docket No. 342, Ex. 1.)  That same day, unknown individuals fired approximately 130 bullets at the José Miguel Agrelot Coliseum.  Id., Ex. 2.  Pina's client performed at this location the night of this attack.  Id.  The Court doubts that the incidents at Pina's office and the Coliseum are unrelated. See United States v. Iwuala, 789 F.3d 1, 10 (1st Cir. 2015) ("[One]

Criminal No. 20-258 (FAB)                                         13

would have to believe in the Tooth Fairy to believe that a certain set of facts merely coincidental.") (citation and internal quotation marks omitted).  These attacks provide a perfectly logical motive for Pina to possess firearms.

Pina asserts that he "has no history of violence, nor does he have any prior convictions for firearms offenses." (Docket No. 341 at p. 9.)  According to Pina, he "does not now possess any guns." Id. at p. 10.  This is so, however, because he is currently detained.  The clear and convincing standard is more than a paper tiger:  "It falls between preponderance of the evidence and proof beyond a reasonable doubt." Díaz-Alarcón v. Flández-Marcel, 944 F.3d 303, 306 n.5 (1st Cir. 2019) (citation omitted).  Pina offers no reason for this Court to find by clear and convincing evidence that he neither has access to the unaccounted-for rifles, nor that he is unlikely to pose a danger to the safety of others.

The Court offers this analysis only to assist the First Circuit Court of Appeals, not because it is necessary to dispose of Pina's pending appeal of the order denying him bail pending appeal.  The question of flight and danger to the safety of others is only relevant if Pina has raised a substantial question of law.  He has not.

**IV. Conclusion**

For the reasons set forth above, the Court is not convinced by clear and convincing evidence that Pina is either likely to flee or pose a danger to the safety of others.  Accordingly, the Court reaffirms its order requiring Pina's detention pending appeal.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 5, 2022.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
