# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**RAFAEL PINA-NIEVES,**<br>**Defendant.** | **NO. 3:20-cr-00258 (FAB)** |

## UNITED STATES' OPPOSITION TO DEFENDANT'S
## MOTION FOR BAIL PENDING APPEAL

**TO THE HONORABLE COURT:**

The United States opposes Rafael Pina-Nieves's motion for bail pending appeal. ECF No. 402. By statute, he must be "detained" pending appeal unless the Court finds (1) "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released," (2) that his appeal "raises a substantial question of law or fact," and (3) that a decision in his favor is "likely to result in," as relevant, "a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A), (B)(iv); *see also United States v. Zimny*, 857 F.3d 97, 99 (1st Cir. 2017). He has the "burden" of proving all three prongs. *Zimny*, 857 F.3d at 99–100. Since he fails to prove any of them, the Court should deny his motion on all three grounds.

    *I.    Pina does not prove that his appeal raises a substantial question.*

Because the parties have completed their appellate briefing, the United States

begins with the prong addressing whether Pina's appeal raises a "substantial question of law or fact." § 3143(b)(1)(B). It does not. A "substantial question" means "a 'close' question or one that very well could be decided the other way." *Zimny*, 857 F.3d at 100 (citation omitted). None of the claims of error in Pina's appeal fit that description. He argues that the Court either erred or abused its discretion by: (1) not resentencing him on his § 922(g)(1) conviction after his § 922(o) conviction was reversed in his prior appeal, *see* Appellant's Brief at 20–29, *United States v. Pina-Nieves*, No. 23-1396 (1st Cir. July 14, 2023) [hereinafter Appellant's Br.]; (2) rejecting his constitutional challenges to USSG § 2K2.1(a)(4)(B) setting the base offense level for his § 922(g)(1) conviction, *see* Appellant's Br. at 29–34; and (3) imposing—before his prior appeal—a Guidelines sentence, *see* Appellant's Br. at 34–36. Each of these claims of error founders before an insurmountable wall of binding, contrary precedent.

Of his three challenges on appeal, Pina devotes the most space to arguing that the second one presents a "substantial question." ECF No. 402 at 16–20. He concedes that USSG § 2K2.1(a)(4)(B) applies to his surviving § 922(g)(1) offense because he was a "felon in possession of firearms," and one of them was a "machine gun." *Id.* at 16. None of that is disputed. The question he raises is whether § 2K2.1(a)(4)(B) "violates his constitutional rights because it [lacks a] requirement [that he knew] that the firearm possessed was a machine gun." *Id.* at 20. Though he does not mention it in his motion, he also argues on appeal that § 2K2.1(a)(4)(B) is unconstitutional because it can apply

based on acquitted conduct found by a judge by only a preponderance of the evidence. Appellant's Br. at 33–34. But as the United States has explained, those constitutional challenges are foreclosed by circuit precedent, including *United States v. González*, 857 F.3d 46 (1st Cir. 2017). *See* Appellee's Brief at 18–24, *United States v. Pina-Nieves*, No. 23-1396 (1st Cir. Sept. 15, 2023) [hereinafter Appellee's Br.]. So they obviously lack merit, and Pina provides no reason to conclude otherwise.

In *González*, for example, the First Circuit held that USSG § 2K2.1(b)(4), which applies when a defendant uses a stolen firearm, does not violate any "constitutional rights," even though it: (1) "does not include an element of mens rea" and thus does not require proof that he "knew his gun was stolen," 857 F.3d at 53–56; and (2) can apply based on facts found by a judge by a preponderance of the evidence, including facts about "acquitted conduct," *id.* at 58–61. Pina does not try to distinguish *González* or argue it has been abrogated. Instead, he acknowledges in his reply brief that *González* "rejected [challenges] similarly advanced under the Fifth and Sixth Amendment[s]." Appellant's Reply Brief at 5 n.2, *United States v. Pina-Nieves*, No. 23-1396 (1st Cir. Sept. 29, 2023) [hereinafter Appellant's Reply Br.]. True, he then reiterates his challenges as though they were not foreclosed. *See* Appellant's Reply Br. at 6–11. But by failing to dispute that *González* has foreclosed them, he effectively shows that he finds the United States's position unanswerable. There is no "substantial question" here.

Pina does not develop an argument that his remaining claims of error present a

"substantial question." *See* ECF No. 402 at 20–24. He merely lists them and says that they "likely . . . support the reversal of his sentence." *Id.* at 23. The Court should hold that he waives for lack of development the argument that those claims are substantial. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). It should also hold that they are not substantial because the parties' briefing on appeal makes that clear.

Consider Pina's claim that this Court had to resentence him after his conviction was partially reversed in his prior appeal. The First Circuit, however, did not remand his case for resentencing. *See* Appellee's Br. at 26–29. So under circuit precedent, this Court retained the discretion to decide whether resentencing him was necessary. *See* Appellee's Br. at 29 & n.15 (citing cases). As the Court knows, a defendant does not need to be resentenced when the reversal of one count of conviction does not alter the "factors" underlying his surviving count's sentence. *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989) (en banc). Here, the Court properly determined that Pina did not need to be resentenced. It correctly held that his Guidelines calculations had remained the same because § 2K2.1(a)(4)(B) still provided his base offense level and for the same reasons as before. *See* Appellee's Br. at 15–17. And it properly concluded that the factors underlying his surviving § 922(g)(1) conviction's sentence had not been altered by the reversal of his § 922(o) conviction. *See* Appellee's Br. at 30–34.

All the First Circuit cases that Pina cites in support of his position that this Court nonetheless needed to resentence him stand for other propositions. They either (1) set

forth when the First Circuit ordinarily should remand for resentencing (which, it is undisputed, it did not do here); (2) involve a case where the First Circuit remanded for resentencing; or (3) explain that the district court should be free to decide whether to resentence a defendant after his conviction has been partially reversed. *See* Appellee's Br. at 38. The only authority Pina cites that supports his position is a Second Circuit decision creating a "default rule" that a *de novo* resentencing is required when a case is "remanded for resentencing" after the partial reversal of a conviction. *See* Appellee's Br. at 36 (discussing *United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009)). But it appears that not even the Second Circuit would apply that rule here because Pina's case was not remanded for resentencing. *See* Appellee's Br. at 36–37. In any event, the Second Circuit's rule is contrary to this circuit's settled rule. *See* Appellee's Br. at 37.

In his reply brief, Pina does not confront any of the binding caselaw the United States provided in our brief and instead reiterates his position that, "in this Circuit, a de novo resentencing is required when a count of conviction [is] vacated." Appellant's Reply Br. at 12. But he effectively recognizes that First Circuit caselaw does not require a *de novo* resentencing when he asserts that the First Circuit "should adopt" the Second Circuit's rule in *Rigas* "that a de novo resentencing is required when a conviction is reversed in part on appeal." Appellant's Reply Br. at 17–18. Because the First Circuit does not yet follow that rule, Pina is wrong when he argues that a *de novo* resentencing is currently required. *See United States v. Dávila-Félix*, 763 F.3d 105, 109 (1st Cir. 2014)

("Unlike some of our sister circuits, the First Circuit does not generally allow *de novo* resentencing on remand."). So it is clear and obvious that this Court did not have to resentence Pina—it had the discretion to decide whether it needed to, and it properly concluded that it did not have to because the reversal of his § 922(o) conviction did not alter the factors underlying his § 922(g)(1) conviction's sentence.

Pina's final claim of error fares no better. He challenges his Guidelines sentence as substantively unreasonable, but he did not contest it in his prior appeal and so his challenge is barred by the law-of-the-case doctrine. *See* Appellee's Br. at 45–49. In his reply brief, he says that in his prior appeal he "could not have reasonably" argued that his § 922(g)(1) sentence is substantively unreasonable once his § 922(o) conviction is reversed. Appellant's Reply Br. at 21. But of course he could have argued that—parties often argue that if they succeed in one challenge, they should succeed in another. In any event, he received a Guidelines sentence and does not develop any argument that tries to rebut the presumption that it is reasonable. *See* Appellee's Br. at 49–51; *see also* Appellant's Br. at 34–35 (Pina's arguments). So this claim is not close, either.

In sum, in arguing that his appeal raises a "substantial question," Pina develops an argument for only one of his three appellate claims of error. He is wrong about it, and he waives any argument about the other two. The Court should hold him to his waiver. It should also hold that none of his claims of error are substantial because they are all foreclosed by either circuit precedent or the law-of-the-case doctrine.

### II. *Pina does not show that a favorable decision will result in a reduced sentence.*

Pina also is not entitled to bail pending appeal because he fails to argue, let alone satisfy his burden of showing, that a favorable decision on appeal will "likely result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." § 3143(b)(1)(B)(iv); *see also Zimny*, 857 F.3d at 100–01. At most, he asserts that if he prevails in his appeal he could receive a "potential shorter sentence of 21 months." ECF No. 402 at 9. He does not attempt to say why that "potential" sentence is "likely" and thus does not try to meet his burden. *See id.* At most, he says that he "may successfully argue" on remand that he warrants a lower Guidelines range. *Id.* at 20. But he provides no reason why that argument is legally correct or might otherwise succeed. *See id.* Nor does he direct the Court to anywhere in the record where such an argument might be found. *See id.* So he waives this argument, too, for lack of development. *Zannino*, 895 F.2d at 17.

In sum, Pina cannot secure bail pending appeal when he fails to make the basic arguments required under § 3143(b)(1). Since he does not even try to satisfy his burden under § 3143(b)(1)(B)(iv), the Court may deny his motion on this ground alone.

### III. *Pina does not show by clear and convincing evidence that he is neither a flight risk nor a danger to the community.*

Although the Court may reject Pina's motion for bail pending appeal because he has failed to prove the above two prongs, it should also find that he has not shown

7

"by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." § 3143(b)(1)(A). Last year, the Court denied Pina bail pending his prior appeal because it was "not persuaded by clear and convincing evidence that [he] is not a danger or a flight risk." ECF No. 354 at 1. The record has not materially changed since then. So neither should the result.[1]

In his current motion, Pina relies almost entirely on the record that existed when he unsuccessfully moved for bail pending his prior appeal. *See* ECF No. 402 at 26–32. To prove that he is not dangerous, he points to the same presentencing history and characteristics as before, including his criminal history, upbringing, family life, and conduct "while on bail during trial . . . [and] prior to sentencing." *Id.* at 27; *see also* ECF No. 341 at 3, 9–11 (arguing in his motion for bail pending his prior appeal that he was not a "danger to community" because he had "no history of violence," and the record did not support "any reason to believe that he poses any danger"). And to prove that he is not a flight risk, he points to virtually the same presentencing information as before, including his Puerto Rico-based connections, relationships, and reputation, as well as his sentence's length and his conduct while on bail before sentencing. ECF No.

---

[1] The First Circuit affirmed this Court's decision that Pina did not show in his prior appeal that he met "the bail requirements set out at 18 U.S.C. § 3143(b)(1)(A)." Order of Court, *United States v. Pina-Nieves*, No. 22-1421 (1st Cir. July 18, 2022). That provides an additional reason why Pina must either provide evidence of new facts that favor his release on bail or explain why the Court erred in holding that the preexisting record did not clearly and convincingly show that he is not a flight risk or danger.

402 at 28–32; *see also* ECF No. 341 at 3–9 (arguing in his last motion that he was "not a flight risk" because he had no "incentive . . . to abandon everything he holds dear—his children, his fiancée, his business—and flee" from a sentence of "only about three years behind bars," and he "scrupulously complied with all the terms and conditions of his [presentencing] release"). But he fails to acknowledge that this Court has already reviewed virtually the same arguments and record and found that they do not clearly and convincingly show that he is not a flight risk or danger. *See* ECF No. 402.

By failing to address the Court's previously articulated reasons for finding that his presentencing record does not clearly and convincingly show that he is not a flight risk or danger, Pina provides the Court with no reason to diverge from its earlier ruling. In finding that the record did not clearly and convincing show that he is not a flight risk, the Court explained that Pina "owns a boat," has "significant financial resources" and "significant foreign ties to the Dominican Republic," and had sought to travel to the Dominican Republic for 41 days so that his fiancée could give birth to their child there, instead of the United States. ECF No. 354 at 6–7. The Court then declined to find that he was not a flight risk simply because he had complied with his earlier bail conditions, reasoning that "[a]ppearing for Court as a presumably innocent person is far different from serving a term of imprisonment as a convicted felon." *Id.* at 8. And in finding that the record did not clearly and convincingly show that he is not a danger, the Court found that he had "feigned ignorance of the firearms and ammunition" in

9

his safe and may still possess the "rifles" that he had said were in the safe but were not there when agents later searched it. *Id.* at 9–10. The Court thereby gave several reasons for finding that he does not warrant bail pending appeal under § 3143(b)(1)(A). And despite relying on virtually the same record, Pina does not address, let alone challenge, the Court's previously articulated reasons for finding that the record does not support granting him bail. He does not dispute their factual basis, nor how they were weighed. So he provides no basis for the Court to view things differently this time around. And the Court properly denied him bail pending appeal for those reasons last time.

There is only one part of Pina's current motion that relies on information that postdates his motion for bail pending his prior appeal. In a footnote, he makes several factual assertions about his "Institutional Adjustment" to life in prison. ECF No. 402 at 31 n.7. He asserts, for example, that he "has been a model inmate" throughout "the 12 months he has been in the BOP system." *Id.* He provides no record citation for these assertions and does not append any supporting evidence. *See id.* Although his amended PSR has an "Institutional Adjustment" section, it does not provide the glowing review of him that his footnote does. *Compare* ECF No. 376 at 7, ¶ 20 (amended PSR), *with* ECF No. 402 at 31 n.7 (Pina's motion). And Pina had been in BOP custody for only 10 months—not 12 months—when the amended PSR was disclosed. *See* ECF No. 376 at 2 (noting that Pina entered BOP custody on "May 24, 2022," and that the amended PSR was filed on March 23, 2023). So there is no apparent record or evidentiary basis

10

for the only post-sentencing facts that Pina asks the Court to consider. And his say-so is not clear and convincing evidence. *See Garmon v. AMTRAK*, 844 F.3d 307, 316 (1st Cir. 2016) (holding that a party's "own say-so" does not establish a prima facie case); *Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 679 n.6 (1st Cir. 2011) (ignoring any factual assertion supported by "no evidence beyond his own say-so"); *see also Díaz-Alarcón v. Flández-Marcel*, 944 F.3d 303, 306 n.5 (1st Cir. 2019) (stating that evidence is "clear and convincing" when it is "highly probable" or "reasonably certain").

In sum, the Court should also deny Pina bail pending appeal because he fails to confront that he was unsuccessful the last time he sought such relief using virtually the same arguments and record. So he provides the Court with no reason why the result should be different this time. He does not challenge the facts or the reasons the Court gave last time for finding that he had failed to prove by clear and convincing evidence that he was not a flight risk or danger. And the only new information he provides for the Court's consideration is a citationless and uncorroborated paragraph consisting of only his own say-so. That is not clear and convincing evidence.

* * * * * * *

In conclusion, Pina does not warrant bail pending appeal because he does not satisfy his burden of proving any of § 3143(b)(1)'s three prerequisites for relief.

**WHEREFORE,** the Court should deny Pina's motion for bail pending appeal on three independent grounds: He has failed to satisfy his burden of proving that (1)

his appeal raises a substantial question (2) a favorable decision will likely result in a reduced sentence, and (3) he is not a flight risk or danger to the community.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of October 2023.

> W. Stephen Muldrow
> United States Attorney
>
> /s/David C. Bornstein
> USDC No. G02816
> Assistant United States Attorney
> United States Attorney's Office
> Torre Chardon, Suite 1201
> 350 Carlos Chardón Avenue
> San Juan, PR 00918
> Tel. (787) 766-5656
> Fax (787) 771-4050

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the forgoing opposition with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

> /s/David C. Bornstein
> Assistant United States Attorney