# United States Court of Appeals
## For the First Circuit

---

No. 23-1396

UNITED STATES,

Appellee,

v.

RAFAEL PINA-NIEVES, t/n Rafael Antonio Pina-Nieves,

Defendant - Appellant.

---

Before

Barron, Chief Judge,
Kayatta and Rikelman, Circuit Judges.

---

**JUDGMENT**

Entered: October 30, 2023

    This is an appeal from the district court's entry of an amended criminal judgment. In United States v. Pina-Nieves, 59 F.4th 9, 24 (1st Cir. 2023), this court vacated one conviction for possession of a machinegun, 18 U.S.C. § 922(o), but affirmed another conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g). On remand, the district court entered an amended judgment omitting the § 922(o) conviction but declined to engage in resentencing. This appeal followed. After careful review of the parties' briefs and the relevant portions of the record, we affirm.

    The district court did not err in concluding that U.S.S.G. § 2K2.1(a)(4)(B) remained applicable following vacatur of the § 922(o) count. By its terms, § 2K2.1(a)(4)(B) does not require a showing of knowledge, and a knowledge requirement is not mandated by the Fifth or Sixth Amendment. See United States v. González, 857 F.3d 46 (1st Cir. 2017) (rejecting similar Fifth and Sixth Amendment claims); cf. United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir. 2002) ("The plain language of [21 U.S.C.] § 841(b) requires the government to prove only that the offense 'involved' a particular type and quantity of drug, not that the defendant knew that he was distributing that particular drug type and quantity.").

Furthermore, the district court did not fail to comply with this court's mandate and did not abuse its discretion in refusing to conduct resentencing following vacatur of the § 922(o) conviction. See United States v. Didonna, 866 F.3d 40, 52 (1st Cir. 2017) ("Because the sentences for the affirmed and reversed convictions were for essentially the same conduct and were to run concurrently, we see no need for resentencing on count one."); United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989) ("[T]he authority to reshape a sentence when multicount convictions garner mixed reviews on appeal—some affirmed, some reversed—looms as an integral component of the trial judge's broad sentencing discretion.").

Finally, as to defendant's challenge to the reasonableness of the fine imposed by the district court, this issue is foreclosed by the law of the case doctrine, see United States v. Wallace, 573 F.3d 82, 87–88 (1st Cir. 2009) (discussing background principles and applying the mandate rule), and, in any event, defendant's specific challenges to the fine are meritless.

**Affirmed**. See Loc. R. 27.0(c). All pending motions are denied as moot.

By the Court:

Maria R. Hamilton, Clerk

cc:
Edwin Prado-Galarza
Maria A. Dominguez-Victoriano
Francisco Rebollo-Casalduc
Manuel Alejandro Franco-Dominguez
Seth Allen Erbe
José A. Ruiz-Santiago
Mariana E. Bauzá-Almonte
María L. Montañez-Concepción
David Christian Bornstein
Gregory Bennett Conner,
Carlos M. Calderon-Garnier
Rafael Pina-Nieves
Seth Allen Erbe
Jose A. Ruiz-Santiago
Mariana E. Bauza Almonte
Maria L. Montanez-Concepcion
David Christian Bornstein
Gregory Bennett Conner
Carlos M. Calderon-Garnier